[Crim. No. 982. In Bank.—December 3, 1903.]

THE PEOPLE, Respondent, v. CHARLES WARDRIP, Appellant.

CRIMINAL LAW—TRIAL FOR MURDER—REFUSAL OF INSTRUCTIONS SUBSTANTIALLY GIVEN—DISCRETION OF JURY—CONFESSION AND ADMISSIONS.—Upon the trial of a defendant charged with murder, the defendant is not prejudiced by the refusal of instructions substantially given in the charge of the court relative to the discretion of the jury in determining the penalty in case of conviction, and relative to the admissibility of an alleged confession and to considering the whole of alleged statements and admissions of the defendant.

ID.—CONNECTION OF MURDER WITH BURGLARY—INAPPLICABLE INSTRUCTION.—Where the evidence showed that if appellant killed the deceased, the killing was in immediate connection with a burglary and before flight, a requested instruction relative to a murder committed after an attempt to perpetrate a burglary, and when the party is in flight, as not being within the meaning of section 189 of the Penal Code, was properly refused as inapplicable to the evidence.

ID.— CONSIDERING ADMISSIONS WITH CAUTION — INSTRUCTION AS TO
    MATTER OF FACT—HARMLESS REFUSAL—COMMONPLACE MATTER.
    —A requested instruction relative to the jury receiving with cau-
    tion all evidence of the oral admissions of the defendant, seems,
    under the weight of authority, in violation of the constitutional
    provision against charging as to matters of fact; but without
    finally so deciding, the refusal of the instruction cannot be
    deemed ground for reversal, as it states mere commonplace mat-
    ter within the general knowledge of jurors.

APPEAL from a judgment of the Superior Court of Sac-
ramento County and from an order denying a new trial.
E. C. Hart, Judge.

The facts are stated in the opinion of the court.

L. T. Hatfield, and C. T. Jones, for Appellant.

U. S. Webb, Attorney-General, and C. N. Post, Assistant
Attorney-General, for Respondent.

McFARLAND, J.—The defendant was charged with the
murder of one Hugh Duffy. He first pleaded "Guilty," but
afterwards withdrew that plea and pleaded "Not guilty."
He was convicted of murder in the first degree, and judgment
of death followed. He appeals from the judgment and from
an order denying the motion for a new trial.

The main contentions of appellant for a reversal are based
on the refusal of the court to give certain instructions asked
by appellant, and those discussed in the briefs are numbers
18, 19, 22, 25, and 26.

Number 26 is merely a statement to the jury that if they
should find the appellant guilty of murder in the first degree
they have the discretion of determining whether the punish-
ment should be death or imprisonment for life; but in another
part of the instruction the jury were expressly so instructed,
and were clearly told what the form of their verdict should
be in order to express their discretion touching the penalty
of death or imprisonment. They were fully informed on the
subject.

Number 25, which is in substance to the effect that a murder
committed after the perpetration of or attempt to perpetrate
a burglary, and when the party is in flight, is not done in such

perpetration or attempt to perpetrate within the meaning of section 189 of the Penal Code. This proposed instruction was not applicable to the evidence in the case, which shows that, if appellant killed Duffy, the killing was in immediate connection with the burglary, and before flight.

Number 22 was merely that a confession to be admissible must be freely and voluntarily made, etc.; but the court had given the instruction, substantially, in other parts of the charge; among other things it had said: "In considering the weight to be given to any alleged confession made by defendant, you should consider all the testimony in the case upon that point, the position of the defendant at the time, his surroundings, his strength of mind as shown by the evidence, and any hopes or fears, if any, that may have influenced him."

Number 18, to the effect that "when there was evidence of admissions made by defendant, he is entitled to have the whole of the statement or admission heard and considered by the jury," was covered by other parts of the instruction, and defendant was not prejudiced by the refusal to give it. On this subject the jury was told that "In considering the evidence as to the oral admissions of the defendant touching the matters involving the offense with which he is charged, you will take into consideration all the statements made by him, whether for or against himself, and give such statements fair consideration."

The only point in the case which calls for any extended notice is based upon the refusal of the court to give the requested instruction number 19, which is as follows: "The jury is instructed that, in considering the testimony in this case, they will receive with caution all evidence of the oral admissions of the defendant against himself." It is provided in section 2061 of the Code of Civil Procedure that the jury is to be so instructed, "on all proper occasions." But in *Kauffman* v. *Maier*, 94 Cal. 269, it was held by the court in Bank, after an elaborate discussion of the question, that such an instruction was in violation of the provision of the state constitution that "judges shall not charge juries with respect to matters of fact." In *People* v. *O'Brien*, 96 Cal. 180, *Kauffman* v. *Maier* was approved, although it was said that

possibly such instruction might be given as to the witnesses for the people—reference being made to section 1111 of the Penal Code, which, however, merely announces the rule that a defendant cannot be convicted on the uncorroborated testimony of an accomplice. In the later case of *People* v. *Sanders,* 114 Cal. 216, decided in Department, where the judgment was reversed for other reasons, it is merely said, in the course of an elaborate opinion, that an instruction similar to the one here in question was unobjectionable and should have been given; but no reference is made to *Kauffman* v. *Maier,* 94 Cal. 269, and the attention of the court was evidently not called to the question of the constitutionality of the part of section 2061, which directs the giving of such instruction. We think that, as the former decisions of the court stand, the weight of authority is to the point that the instruction here in question is in violation of the constitutional injunction against judges charging as to matters of fact; but, in our view of the matter, it is not necessary for us here to finally determine that question. The proposed instruction states a mere commonplace within the general knowledge of jurors; and we do not think that either the giving or the refusing of such an instruction would warrant a reversal. As was said in *Kauffman* v. *Maier,* "It is a matter of common knowledge that the statements of a witness to the verbal admission of another are liable to be erroneous, and for that reason should be received with caution." In *People* v. *Newcomer,* 118 Cal. 263, a reversal was sought because an instruction somewhat similar to the one here under review had been given, but the court said that instruction "could not possibly have done any harm, for it was merely telling the jury to do certain things which jurors would do without being so told. Therefore, it was not reversible error." For the same reason, the refusal to give the instruction here in question is not ground for a reversal.

There are no other points in the case which call for special notice. We think that the appellant had a fair legal trial.

The judgment and order appealed from are affirmed.

Angellotti, J., Shaw, J., Van Dyke, J., Beatty, C. J., and Lorigan, J., concurred.

THE COURT.—Rehearing denied.

In denying a rehearing in this case, it is proper to add that upon the question as to the constitutionality of our statute providing that the jury are, on all proper occasions, to be instructed that the testimony of an accomplice ought to be viewed with distrust and the evidence of the oral admission of a party with caution (Code Civ. Proc., sec. 2061), which question was fully argued both in the briefs herein and orally, we are of the opinion that, so far as the statute requires such an instruction ever to be given, it is unconstitutional, for the reason that such an instruction would be in violation of the constitutional injunction against judges charging as to matters of fact. It has been frequently said by this court that the giving of such an instruction will not be held reversible error where by it the jury are instructed as to mere commonplace matters within their general knowledge (*People* v. *Wong Bin,* 139 Cal. 60, 65; *People* v. *Farrington,* 140 Cal. 656), but we are satisfied that a judgment should never be reversed for the refusal on the part of the court to instruct upon matters of fact.