[Crim. No. 1080.  In Bank.—July 27, 1904.]

## THE PEOPLE, Respondent, v. JOSE RUIZ, Appellant.

CRIMINAL LAW—REVIEW UPON APPEAL.—No appeal lies in a criminal case from the verdict, or from a motion in arrest of judgment; and a motion for a new trial and an exception to an order denying the same, which are not authenticated in the bill of exceptions as required by rule 29 of this court, cannot be reviewed upon appeal.

ID.—GRAND LARCENY—INSTRUCTIONS—DEFINITION OF OFFENSE.—Upon a charge of grand larceny in stealing calves, it is not prejudicial or injurious to the defendant to give an instruction defining grand larceny in the language of the statute, where the jury were told

that they could convict the defendant only if they believed from the evidence beyond a reasonable doubt that he had done the specific thing charged, or aided and abetted the same.

ID.—AIDING AND ABETTING OFFENSE.—There was no error in the instruction in using the words "or aided and abetted." One who aids and abets an offense is a principal.

ID.—CAUTIONARY INSTRUCTIONS—REFUSAL OF REQUEST.—It was not error to refuse to give an instruction in the language of subdivision 4 of section 2061 of the Code of Civil Procedure, "That the testimony of an accomplice ought to be viewed with distrust, and the evidence of the oral admissions of a party with caution." [Beatty, C. J., dissenting.]

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial. B. N. Smith, Judge.

The facts are stated in the opinion of the court.

Frank W. Allender, for Appellant.

U. S. Webb, Attorney-General, and J. C. Daly, Deputy Attorney-General, for Respondent.

VAN DYKE, J.—Defendant was informed against by the district attorney of Los Angeles County for the crime of grand larceny, in stealing two calves. He was convicted and sentenced to imprisonment for six years. The notice of appeal states that the appeal is taken from the judgment, from an order denying a new trial, from a motion in arrest of judgment, and from the verdict. No appeal lies from the last two mentioned, and the bill of exceptions fails to show what, if any, action was taken by the court on the motion for a new trial. There is printed in the transcript what purports to be a "motion for a new trial," which, it was stated, was denied and an exception taken, but these matters are not authenticated in the bill of exceptions, as required by rule 29 of this court.

Appellant's attorney in his brief urges two points in support of the appeal. 1. That one of the instructions of the court was in the language of the Penal Code, section 487, defining grand larceny, to wit: "Grand larceny is larceny committed in either of the following cases: When the property taken is of a value exceeding fifty dollars; when the property is taken

from the person of another; when the property taken is a bicycle, horse, mare, gelding, cow, steer, bull, calf, mule, jack, or jenny.'' It is claimed by appellant that portions of the section quoted were inapplicable, confusing, and misleading. There may be exceptional cases where it would be inapplicable or misleading to give an instruction in the language of the code definition of a crime, but ordinarily it is proper to do so; and in the case at bar it cannot be said that the definition of grand larceny, as given in the instruction of the court, was erroneous or injurious to the defendant. In the instruction the jury were told that they could convict the defendant only if they believed from the evidence, beyond a reasonable doubt, that he had done the specific thing charged—to wit, that he had stolen the calves, as alleged in the information; and there was no error in using the words ''or aided and abetted,'' for the reason that one who aids and abets is a principal. (*People* v. *Riley*, 65 Cal. 107; *People* v. *Holmes*, 126 Cal. 462.)

2. It is contended further on the part of the appellant that the court erred in refusing to give the offered instruction as follows: ''You are instructed that the testimony of an accomplice ought to be viewed with distrust, and the evidence of the oral admissions of a party with caution.'' The instruction offered is in the language of subdivision 4 of section 2061 of the Code of Civil Procedure, but it was definitely held in *People* v. *Wardrip*, 141 Cal. 229, that a refusal to give such an instruction is not error.

The judgment and order are affirmed.

Angellotti, J., McFarland, J., Shaw, J., and Lorigan, J., concurred.

BEATTY, C. J., dissenting.—I dissent.

Section 2061 of the Code of Civil Procedure provides: ''The jury, subject to the control of the court, in the cases specified in this code, are the judges of the effect and value of evidence addressed to them, except when it is declared to be conclusive. They are, however, to be instructed by the court on all proper occasions:

''1. That their power of judging of the effect of evidence is not arbitrary, but to be exercised with legal discretion, and in subordination to the rules of evidence;

''2. That they are not bound to decide in conformity with

the declarations of any number of witnesses, which do not produce conviction in their minds, against a less number or against a presumption or other evidence satisfying their minds;

''3. That a witness false in one part of his testimony is to be distrusted in others;

''4. That the testimony of an accomplice ought to be viewed with distrust, and the evidence of the oral admissions of a party with caution;

''5. That in civil cases the affirmative of the issue must be proved, and when the evidence is contradictory the decision must be made according to the preponderance of evidence; that in criminal cases guilt must be established beyond a reasonable doubt;

''6. That evidence is to be estimated not only by its own intrinsic weight, but also according to the evidence which it is in the power of one side to produce, and of the other to contradict; and, therefore,

''7. That if weaker and less satisfactory evidence is offered, when it appears that stronger and more satisfactory was within the power of the party, the evidence offered should be viewed with distrust.''

The trial of this case was a proper occasion, if there is ever a proper occasion, to give the instruction specified in subdivision 4 of this section. There was evidence of verbal statements and admissions of the defendant introduced against him, and his co-defendant, who had pleaded guilty, testified against him. The trial judge, however, refused the instruction, and the ruling is sustained on the authority of *People* v. *Wardrip,* 141 Cal. 229. I concurred in that decision, but have since become convinced that it was erroneous, and in subsequent cases have so stated. (*People* v. *Buckley,* 143 Cal. 375; *People* v. *Moran, ante,* p. 48.) The Wardrip case and the cases in which it has been followed upon this point leave it uncertain whether the refusal of this instruction is sustained upon the ground that section 2061 of the Code of Civil Procedure is unconstitutional or upon the ground that being constitutional the injunction it lays upon the court may be observed or disregarded at its pleasure. Whichever may be the ground of the decision, I dissent from it. The law, in my opinion, is constitutional, and if so ought to be obeyed.

It is important, also, in my opinion, that the position of the court upon the constitutionality of the section should be clearly defined, for if it violates the constitution to give clause 4, is it not equally a violation of the constitution to give clause 3? If clause 4 is unconstitutional, which of the other six clauses is not unconstitutional? And what is to be done with a criminal case in which one is given and another is refused, when the one given operates against the defendant? Suppose a witness for defendant has been contradicted on some point and clause 3 is given at request of the prosecution, or by the court of its own motion, while the request of defendant for clause 4 is denied. If we are going upon the ground that the law is unconstitutional, that judgment must be reversed, and if we are going upon the ground that the section in question contains mere commonplaces, can it be said that the defendant has been fairly tried when the court has used even a commonplace argument against him and has at the same time refused to state the commonplace argument in his favor? Such a course would hardly commend itself to any one as an example of fairness. In conclusion on this point I take occasion to restate the ground upon which I hold clause 4 to be constitutional. The legislature has the undoubted power to declare what shall not be competent evidence. In the exercise of this power it might have excluded absolutely the evidence of an accomplice or the evidence of verbal admissions of a party. Having the power to exclude altogether, it has the power to admit subject to conditions or qualifications; and clause 4 merely states the qualification subject to which this kind of testimony is admissible—the condition upon which it is allowed to go to the jury at all. Parties are granted the benefit of a certain kind of evidence when that benefit might have been wholly denied, and the principle is universal that the power to grant or withhold implies the right to annex any conditions to the grant which, to the granting power, may seem desirable. I think the refusal of this instruction was error, and material error.

It is a mistake in the opinion also (though an immaterial one in this case) to say or imply that our rule XXIX requires the action of the court upon a motion for a new trial to be shown by a bill of exceptions. The rule relates in terms and intention only to the evidence and the papers (files, etc.)

upon which a motion is made. If the order which follows is an appealable order, there is certainly nothing in the rule which prevents us from considering it on direct appeal when it comes in the form of a certified copy of the minutes of the court. An order denying a new trial in a criminal cause is appealable. The order exists only in the form of an entry in the minutes, and a certified copy of that entry is all that is necessary to inform us of the action of the court upon the motion. It makes no material difference, however, in this case whether we review the evidence or not, for the same result follows in either case, the evidence being clearly sufficient in law to support the verdict. Whether the same verdict would have been returned if the jury had been properly instructed is another question. For the error in refusing the instructions commented on in the opinion of the court I think the judgment should be reversed.