[No. 51.    Second Appellate District.—August 25, 1905.]

## F. G. WOOD et al., Respondents, v. LOS ANGELES TRAC-TION COMPANY, Appellant.

NEGLIGENCE—COLLISION OF STREET-CARS—VERDICT NOT EXCESSIVE.—Where plaintiff was seriously injured as the result of a negligent collision between two street-cars upon defendant's road, and the evidence is such that a verdict for no more than two thousand dollars would not warrant any interference on the part of this court, with indulgence of any presumption that the jury in returning a verdict for that amount must have been influenced by anything other than the evidence, it cannot be disturbed as excessive.

ID.—OPINIONS OF MEDICAL EXPERTS—REQUESTS FOR CAUTIONARY INSTRUCTION.—It was not error to refuse to give a cautionary instruction requested by the defendant in reference to the opinion evidence of medical experts.

ID.—FAILURE TO CALL CONSULTING PHYSICIANS—REQUESTED INSTRUCTION AS TO WEAKER EVIDENCE.—Where the plaintiff called the physician who regularly attended upon her, her failure to summon mere consulting physicians, who saw the patient but once or twice, was not such as to warrant a requested instruction that where a party offers weaker and less satisfactory evidence, where it appears that stronger and more satisfactory evidence was within his power, the evidence offered should be viewed with distrust; and such request was properly refused.

ID.—INSTRUCTION AS TO "SURROUNDING CIRCUMSTANCES"—CONSTRUCTION.—An instruction to the effect that the jury were not only to consider all the evidence of the witnesses, but also "all of the surrounding circumstances, and draw all the inferences from such circumstances and from the testimony of witnesses as may be reasonably drawn," is to be construed as meaning only such circumstances as might be developed by the evidence, especially where the jury, in other instructions which should be construed together therewith, were expressly limited to a consideration of the evidence.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial.  M. T. Allen, Judge.

The facts are stated in the opinion of the court.

E. E. Millikin, for Appellant.

S. P. Mulford, and Harris & Harris, for Respondents.

GRAY, P. J.—This is an action by a husband and wife to recover damages for an injury suffered by the wife as a passenger upon the defendant's street-car, by reason of a collision between two of defendant's cars. The plaintiffs had a verdict and judgment for two thousand dollars. At the trial of the case the liability of the defendant for the injury was conceded, the only thing contested being the amount of damages the plaintiffs were entitled to recover. The defendant appeals from the judgment and from an order denying it a new trial.

The evidence in the case showed that in the collision Mrs. Wood was hurled violently from the car and struck the street upon her head and shoulder; that she received a severe cut of the scalp, through to the skull and about two and one half inches in length; that she sustained a severe injury to her arm and shoulder, and apparently a concussion of the brain which rendered her stupid and unable to recognize her immediate relatives and friends for some hours thereafter; that she was confined to her bed and under the care of physicians for about three weeks after the injury; that her arm continued in a paralyzed and lifeless condition, as she described it, and that she was compelled to wear bandages thereon for three months after the accident. She testified that at the time of the trial, nearly a year after the accident, she could still feel the effects of the injury, and that she did not have the same use of her arm that she had before the injury; and that still at times she could feel sharp shooting pains, from which she could locate the very spot of the scar on her head, and that she had resulting swelling of the glands of her neck from the injury that she had received to the side of her head. She also testified that she suffered much wakefulness and loss of sleep since the injury; that prior thereto she had been a good sleeper, but a poor sleeper since. And the evidence also showed that the shock which she had received had apparently permanently affected her memory. This, perhaps, is not a very full statement of the evidence; nor does it seem necessary to state the evidence fully. It is sufficient to say that with a doctor's and nurse's bill of about three hundred dollars, and the injuries already indicated, we can see nothing in the verdict for no more than two thousand dollars that would warrant any interference on the part of the court, or

the indulgence of any presumption that the jury in returning a verdict for that amount must have been influenced by anything other than the evidence.

Appellant contends that the court erred in refusing to give, at the request of defendant, the following instruction: "And you are further instructed in this connection, that the opinion evidence of medical experts should always be examined with great caution, and weighed carefully in connection with all the other evidence in the case, and that in weighing the evidence you have a right to exercise your judgment in the light of your own general knowledge upon the subject or subjects concerning which the evidence has been introduced."

We are aware that the supreme court of this state has held, where it was objected that an instruction similar to the above was improperly given, that the instruction was proper, and have refused to reverse a case for the giving of it. (*Haight* v. *Vallet,* 89 Cal. 245, [23 Am. St. Rep. 465, 26 Pac. 897].) But similar instructions in other cases have been criticised by our supreme court as an unwarranted interference with the province of the jury, the theory being that to single out a particular class of evidence or the testimony of particular witnesses and tell the jury that it should be examined with great caution might lead the jury to infer that the court had a poor opinion of such evidence. Our attention has not been called to any case where a judgment has been reversed for the refusal to give an instruction of this character. It is clearly intimated in one case (*People* v. *Barthleman,* 120 Cal. 13, [52 Pac. 112]), that such an instruction ought not to be given, though the court in that case declines to reverse the judgment on account of its having been given. Section 2061 of the Code of Civil Procedure provides for certain cautionary instructions that may be given in proper cases to the jury. It provides, however, for no instruction to the effect that great or any caution should be used in examining expert evidence. Nor does the Code of Civil Procedure anywhere authorize the giving of a cautionary instruction as to expert evidence; and in this condition of the law we think that a case should not be reversed for the refusal to give a cautionary instruction of this character. Indeed, it is held in *People* v. *Ruiz,* 144 Cal. 251, [77 Pac. 907], and in *People* v. *Wardrip,* 141 Cal. 229, [74 Pac. 744], that a case should not be .

reversed for a refusal to give certain of the cautionary instructions particularly authorized by the subdivisions of said section 2061; and on the authority of those cases it is clear that no material error was committed in the refusal to give the instruction now under discussion.

It is also contended that the court should have given instructions requested by the defendant to the effect that where a party offers weaker and less satisfactory evidence, when it appears that stronger and more satisfactory evidence was within his power, the evidence offered should be viewed with distrust. It was held in the case of *People* v. *Cuff,* 122 Cal. 591, [55 Pac. 407], that the giving of such an instruction as this in a criminal case was error. In that case *Kauffman* v. *Maier,* 94 Cal. 283, [29 Pac. 481], was cited, the same principle having been applied there in a civil case as was applied in the case of *People* v. *Cuff.* In the last-mentioned case it is said: "The danger lurking in these subdivisions of the section is found in the fact that they attempt to deal with the weight and effect of evidence—matters for the jury and not matters for legislative action. The aforesaid section of the code declares that the principles stated in the various subdivisions thereof may be given by the court to the jury upon all *proper occasions.* In criminal cases the proper occasions are so few and the improper occasions are so many that it were best they should be given rarely, if at all." We do not think the present case is one presenting a proper occasion for giving the instruction requested. It appeared that the plaintiff was visited by four different physicians, and that one of these physicians at least, if not more, was in the employ of the defendant. Two of them were merely called in consultation with the physician who had charge of the case. Dr. Jenkins was the attending physician, and he made some fifty visits upon Mrs. Wood during the time that he was treating her for the injuries. He was called as a witness, and we cannot see how his testimony can be said to have been less satisfactory than would have been the evidence of physicians who saw the patient only once or twice, and who undoubtedly received most of the knowledge they possessed concerning the symptoms of her case second-hand from Dr. Jenkins. There was nothing in Dr. Jenkins's evidence, as it appears in the record, that would indicate that anything differ-

ent or more satisfactory might have been obtained from any of the other physicians; and if the defendant had been possessed of any notion that any more satisfactory expert evidence or direct testimony could have been obtained from any of the other three doctors, it was the defendant's privilege to call the same. This is not a case of the suppression of any evidence, as we view it, from the record. Nor is it a case of the offering of weaker and less satisfactory evidence when it appeared that stronger evidence was within the power of the party offering it. So far as we can see, the testimony of the other three doctors was equally "within the power" of both parties, and the instructions requested, if they affected the jury at all, might have been taken as reflecting quite as severely on the defendant as on the plaintiff. We think, however, that as there is nothing to indicate that the testimony of the four doctors added together would have been stronger and more satisfactory than was the testimony of the one attending physician, it would have been idle to give the instructions. We think they were properly refused.

The court, at the request of plaintiffs, instructed the jury as follows: "You are instructed that in reaching a verdict in this case it is your duty, not only to take into consideration all the evidence given by the witnesses and weigh the same with care, but to take into consideration in weighing such evidence and in reaching a conclusion, all of the surrounding circumstances and draw all the inferences from such circumstances and from the testimony of witnesses as may be reasonably drawn."

It is objected that in this instruction the jury were told that it was their duty not only to take into consideration all the evidence given by the witnesses, but also to take into consideration something beyond that and in addition to the evidence. We hardly think the instruction standing alone would bear that construction, but are of opinion that the jury would understand that the court in referring to "the surrounding circumstances" meant only such circumstances as might be developed by the evidence. But be that as it may, the instructions should all be read and construed together. In addition to the instruction complained of, the jury were told that "the existence of each item of injury or damage claimed by the plaintiffs must be shown to a reasonable degree of

certainty by the preponderance of the evidence." They were also told that the law "authorizes you to give such reasonable damages as in your honest and candid judgment you deem the plaintiffs entitled to under the evidence." Listening to these instructions, we think the jury could not fail to understand that their verdict was to be based upon the evidence, and upon that alone.

We see no error in the record, and the judgment and order appealed from are affirmed.

Smith, J., and Allen, J., concurred.