[S. F. No. 3481.    Department One.—October 14, 1905.]

FRED GOSS, Appellant, v. STEIGER TERRA COTTA AND POTTERY WORKS, Respondent.

INSTRUCTIONS—CAUTION AS TO ORAL ADMISSIONS—MATTER OF FACT—COMMONPLACE MATTER. — It was not error to refuse a requested instruction in the language of subdivision 4 of section 2061 of the Code of Civil Procedure, that ''evidence of the oral admission of a party ought to be viewed with caution,'' as being in violation of the constitutional provision that ''judges shall not charge juries with respect to matters of fact,'' and also as stating mere commonplace matter within the general knowledge of the jury.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.    John Hunt, Judge.

The facts are stated in the opinion of the court.

Alexander D. Keyes, for Appellant.

C. H. Wilson, for Respondent.

VAN DYKE, J.—The action is for damages for personal injuries, on account of being burned from an explosion of an oil tank, alleged to have been suffered through the negligence of defendant while the plaintiff was in the defendant's employ.    The action was tried by a jury and judgment entered on the verdict for the defendant.    The plaintiff appeals from the judgment upon a bill of exceptions.

At the trial one Steiger testified that he called on the plaintiff at the hospital about twelve hours after the explosion occurred, and he asked the plaintiff the following question: ''Did you not know that it was dangerous to use a lantern in an oil tank of that kind?''    To this question the plaintiff replied:

"Yes; I knew it was dangerous, and it was all carelessness on my part, and if I ever get over this I will know better next time." When the cause was submitted, the plaintiff requested the court to instruct the jury as follows: "The jury are instructed that evidence of oral admissions of a party ought to be viewed with caution." The court refused so to instruct the jury, to which ruling plaintiff excepted.

The only point made upon the appeal is that the court erred in refusing the instruction referred to. This instruction is in the language of the last paragraph of subdivision 4 of section 2061 of the Code of Civil Procedure. In *Kauffman* v. *Maier,* 94 Cal. 269, [29 Pac. 481], it was held by this court in Bank, after an elaborate discussion of the question, that such an instruction was in violation of the provision of the state constitution that "judges shall not charge juries with respect to matters of fact." This question was again before this court in *People* v. *Wardrip,* 141 Cal. 229, [74 Pac. 744], where it was said: "Such an instruction seems under the weight of authority in violation of the constitution against charging as to matters of fact." It was added, however, in that case, that the refusal of the instruction, if error, was not such as to justify reversal, as it states mere commonplace matter within the general knowledge of the jury. (See, also, later cases of *People* v. *Moran,* 144 Cal. 48, [77 Pac. 777]; *People* v. *Ruiz,* 144 Cal. 251, [77 Pac. 907].) The court below, therefore, did not err in refusing to give the instruction requested.

Judgment affirmed.

Angellotti, J., concurred.

SHAW, J.—I concur upon the ground that the instruction is a correct statement of the duty of the jury, or of a court in considering such evidence, and that the action of a court in either giving or refusing such an instruction is not sufficient ground for reversal. The constitutional mandate justifies its refusal, and the giving of it can do no harm, for it only expresses the plain duty of the jury. *(People* v. *Farrington,* 140 Cal. 659, [74 Pac. 288].)