[Crim. No. 122.   Third Appellate District.—April 29, 1910.]

## THE PEOPLE, Respondent, v. EDWARD HOLDEN, Appellant.

CRIMINAL LAW—ASSAULT WITH INTENT TO COMMIT ROBBERY—SUFFICIENCY OF INFORMATION.—An information against defendants jointly charged with the crime of "assault with intent to commit robbery," in that said defendants, at a time specified, at the county of the venue, "in and upon one John Connolly, feloniously, and with force and violence, did make an assault, with intent the money, goods and chattels of the said John Connolly, from the person and immediate presence and against the will of him, the said John Connolly, then and there, feloniously, and by force, violence and intimidation, to steal, take and carry away, contrary to the form of the statute," etc., is sufficient, and a demurrer thereto was properly overruled.

ID.—RULE AS TO "MEANS" INAPPLICABLE—UNNECESSARY AVERMENTS.—The rule that where "an assault by means likely to produce great bodily injury" is charged, there must be a particular designation of the "means used," does not apply to the offense here charged. It is not necessary that the information for "an assault with intent to commit robbery" should allege how or by what "means" the assault was committed, or should set forth the "means" used to constitute force or to excite fear.

ID.—AVERMENT OF "POSSESSION OF PROPERTY" NOT REQUIRED—GIST OF OFFENSE—SUFFICIENT AVERMENT OF INTENT TO ROB.—The information was not required to aver that the prosecuting witness was, at the time of the offense, in the possession of personal property. Highwaymen do not first ascertain whether their victim has money or property before attacking; and it would be unreasonable to hold

that an intent to rob could not be charged, without averring or proving that the victim had something of which he could be robbed. The gist of the offense is the assault with intent to rob; and the information properly sets forth the assault with the intent by force, violence and intimidation to rob the prosecuting witness of his "money, goods and chattels."

ID.—INSTRUCTIONS—REQUESTS ELSEWHERE GIVEN.—The defendant was not prejudiced by the refusal of requested instructions which were elsewhere substantially given in the charge of the court.

ID.—INSTRUCTION AS TO GOVERNMENT BY EVIDENCE—REQUEST AGAINST "PREJUDICE" AND "SUSPICIONS"—ASSUMED INTELLIGENCE OF JURY. It must be assumed that the jury were intelligent men; and if they are instructed by the court that they must be governed by the evidence alone, it cannot be said that they were governed otherwise, because not instructed at defendant's request not to be governed by any "prejudice" or by their "own unaided suspicions."

ID.—REFUSAL OF REQUEST AS TO CIRCUMSTANTIAL EVIDENCE NOT PREJUDICIAL.—It cannot be said that the refusal to give a detailed instruction as to circumstantial evidence was prejudicial, where substantially all of the evidence of the crime was direct; and the law makes all competent evidence admissible, whether direct or circumstantial, and leaves it to the jury to determine its relative weight in each case. When, therefore, full instructions were given that the jury must be guided entirely by the evidence, and must be convinced beyond a reasonable doubt, they cover both classes of evidence, and it must be assumed that the jury will so apply them.

ID.—REQUESTED INSTRUCTION—CAUTION AS TO VERBAL ADMISSIONS.—A requested instruction declaring that "with respect to all verbal admissions it may be observed that they should be received with great caution," was properly refused as being argumentative and an instruction concerning matters of fact.

ID.—ARGUMENT UPON APPEAL—ALLEGED ERRORS DEEMED WAIVED.—Alleged errors in the admission of evidence not pointed out in the appellant's brief must, in the absence of any oral argument presenting them, be deemed waived.

APPEAL from a judgment of the Superior Court of Placer County, and from an order denying a new trial. N. D. Arnot, Judge.

The facts are stated in the opinion of the court.

L. L. Chamberlain, for Appellant.

U. S. Webb, Attorney General, and J. Charles Jones, for Respondent.

CHIPMAN, P. J.—Defendant and one Edward Hansen were jointly charged with the crime of an assault with intent to commit robbery upon one John Connolly on September 28, 1909. A demurrer to the information was overruled and defendant Holden was tried separately and found guilty as charged. A motion for a new trial was denied and defendant was sentenced to imprisonment in San Quentin for three years. He appeals from the judgment of conviction and from the order denying his motion for a new trial.

The information charges the crime of felony as follows: "Assault with intent to commit robbery, committed as follows: the said Edward Holden and Edward Hansen on or about the 28th day of September, A. D. 1909, at the said County of Placer, in the said State of California, and before the filing of this information, in and upon one John Connolly, feloniously and with force and violence did make an assault with intent the money, goods and chattels of the said John Connolly, from the person and immediate presence and against the will of him, the said John Connolly, then and there feloniously and by force, violence and intimidation to steal, take and carry away, contrary to the form," etc.

1. It is urged that the demurrer should have been sustained: First, because the information does not state that the prosecuting witness had any "money, goods and chattels" upon his person or in his immediate presence at the time of the alleged assault; second, that the circumstances of the assault are not set forth nor what kind of force or violence or intimidation was used. Section 220, Penal Code, provides: "Every person who assaults another with intent to commit . . . robbery . . . is punishable," etc. Section 950 requires "a statement of the acts constituting the offense, in ordinary and concise language, and in such manner as to enable a person of common understanding to know what is intended"; and section 952, subdivision 3, provides that "the particular circumstances of the offense charged, when they are necessary to constitute a complete offense," must be stated. "Robbery is the felonious taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear." (Pen. Code, sec. 211.) "An assault is an unlawful attempt,

coupled with a present ability, to commit a violent injury on the person of another.'' (Pen. Code, sec. 240.)

The argument is that the crime charged is a composite crime (Pen. Code, sec. 220)—an assault coupled with the intent to rob being the complete offense, and hence the particular circumstances of the offense charged must be set forth in the information and that it is not sufficient to charge the offense in the language of the statute. (Citing *People* v. *Perales,* 141 Cal. 581, [75 Pac. 170] ; *People* v. *Mahoney,* 145 Cal. 104, [78 Pac. 354] ; *People* v. *Shearer,* 143 Cal. 66, [76 Pac. 813].) *People* v. *Perales* is claimed ''to be almost a parallel case.'' The charge there was ''assault by means likely to produce great bodily injury,'' the means described being ''with a heavy wooden stick.'' The court held that there was ''no proper or particular designation of the means which it is claimed were used in its commission.'' The court laid down this rule: ''Where the words or terms used in the statute have no technical or precise meaning, which of themselves imply the offense, or where the particular facts or acts which shall constitute it are not specified, but, from the general language used, many things may be done which may constitute an offense, it is then necessary, in charging an offense claimed to be embraced within the general language of the statute, to set forth the particular things or acts charged to have been done, with reasonable certainty and distinctness, so that the court may determine whether an offense within the statute is charged, or one over which it has jurisdiction, and so that the defendant may be advised of the particular nature of it, in order to defend against it, and to plead in bar a judgment of conviction or acquittal thereof, if subsequently prosecuted.'' It is urged now that it is impossible ''to tell whether defendant is charged with having made an assault with a weapon; whether he knocked the prosecuting witness down with his fist; whether he intimidated him by threats of prosecution for some crime by holding a loaded revolver at his heart, or an ax over his head. There is absolutely nothing to show what means or force was used to intimidate him.'' In *People* v. *Weir,* 10 Cal. App. 460, [102 Pac. 539], the information charged that the assault was made with ''deadly weapon,'' to wit, a ''revolver,'' and was held sufficient in following the language of the statute.

In the case here the crime charged is "assault with intent to commit robbery," and is unlike the Perales case, *supra.* It was not necessary to allege how or by what means the assault was made. Nor was it necessary to set forth the means used to constitute force or to excite fear. Neither was it necessary to aver that the prosecuting witness was at the time in possession of personal property. Highwaymen do not first ascertain whether their victim has money or other property before attacking, and it would be unreasonable to hold that an intent to rob could not be shown without averring and showing that the victim had something of which he could be robbed. The crime consists of the assault with intent to rob. The information charged that the assault was made with force and violence and also charged that the intent was to feloniously and by force, violence and intimidation, steal, take and carry away the money, goods and chattels of the prosecuting witness and against his will. The information was sufficient.

2. Defendant asked an instruction (marked 6) to the effect that the jury must be guided according to the law as given by the court. It was refused, and without prejudice, for it was substantially given elsewhere.

3. Instruction marked 11 was refused, and, it is claimed, to defendant's prejudice. This instruction is but an elaboration of the instruction elsewhere given that the jury must look alone to the evidence. By this is implied that they were not at liberty to act upon their "own unaided suspicions" or on account of "any prejudice they may have conceived prior to or during the trial." We must assume that the jury were intelligent men, and when told that they must be governed by the evidence and that only, we cannot say that they acted otherwise because not particularly cautioned not to be influenced by prejudice or by their suspicions.

4. The modification of instruction 12 by omitting a portion of it did not detract from its force or fail to distinctly state that the defendant was entitled to the individual judgment of each juror.

5. The jury were correctly and fully instructed upon what constitutes a reasonable doubt. It was not error to refuse to give it again as was asked by instruction 19.

6. Instruction 20, asked by defendant and refused by the court, correctly stated the law as to circumstantial evidence, but we do not think that the defendant was prejudiced because not given. They were many times and in various forms told that they must be guided wholly by the evidence and such instructions embraced all the evidence, direct and circumstantial. Where the case rests entirely or chiefly upon circumstantial evidence, it is desirable that some direction be given the jury as to the necessity for establishing each fact, beyond a reasonable doubt, which is essential to complete the chain of circumstances tending to establish the crime charged. But we are not prepared to say that a refusal to give such an instruction would necessarily be prejudicial error, for the law makes all competent evidence admissible, whether direct or circumstantial, and leaves the jury to determine its relative weight in each case. When, therefore, full instructions were given that the jury must be guided entirely by the evidence, and must be convinced by it beyond a reasonable doubt, the instruction goes to both classes of evidence, and it must be assumed that the jury will so apply it. Furthermore, in the present case, substantially all of the evidence of defendant's guilt was direct, and there was no call for an instruction upon circumstantial evidence. Instructions 21, 22, 23, 24 and 25 were along the same line, and need not be further noticed.

7. Instruction 26, asked by defendant, was properly refused. It is argumentative and is an instruction concerning matters of fact. The instruction opens with the declaration that "with respect to all verbal admissions it may be observed that they should be received with great caution." In *Goss* v. *Steiger Terra Cotta etc. Wks.*, 148 Cal. 155, [82 Pac. 681], a similar instruction was refused, and the court held that it was not prejudicial error. The cases on the point are there reviewed. Instructions 27 and 29 were in substance given elsewhere. In instructions 45, 49 and 50 we discover no error.

It is suggested in the brief of the defendant that the court erred in admitting certain testimony, and states that "these errors are specifically pointed out in the motion for new trial and will be dwelt upon more fully in the opening argument." There was no oral argument, and the alleged errors

are not shown to us in any brief.    We must assume that they have been waived.

The judgment and order are affirmed.

Hart, J., and Burnett, J., concurred.