[Crim. No. 159. Second Appellate District.—May 5, 1910.]

## THE PEOPLE, Respondent, v. WILLIAM P. HOWLAND, Appellant.

CRIMINAL LAW—MURDER—REFUSAL OF INSTRUCTION—CHARACTER OF DECEASED—EVIDENCE NOT RETURNED—PRESUMPTION UPON APPEAL.—Where no evidence is returned upon appeal, it cannot be held prejudicially erroneous, under all circumstances, to refuse an instruction requested by the defendant as to the character of the deceased. For the purpose of supporting the ruling, this court must presume that no evidence was introduced relating to the character of the deceased.

ID.—INSTRUCTION AS TO SELF-DEFENSE INVOLVING EVIDENCE.—When an instruction as to self-defense involves the question whether or not the defendant was called upon in good faith to decline any further struggle, which could only be determined from evidence not returned, it cannot be said to involve error.

ID.—INSTRUCTION USING WORD "MURDER"—ABSENCE OF EVIDENCE.—In the absence of the evidence, it cannot be said that the use of the word "murder," in an instruction instead of "killing," prejudiced the defendant, since his defense may have been an alibi, and he may have admitted that a "murder" was committed.

ID.—PREJUDICIALLY ERRONEOUS INSTRUCTION AS TO CIRCUMSTANTIAL EVIDENCE—MATTERS OF FACT.—A long argumentative instruction as to the advantages of circumstantial evidence as compared with direct evidence, which contains practically all of the objectionable

comments held prejudicially erroneous, in *People* v. *Vereseneckoc-kockhoff*, 129 Cal. 497, and which charged the jury as to matters of fact, was improper in any conceivable state of facts not negatived by the instruction itself, and is ground of reversal.

ID.—DUTY OF TRIAL JUDGE.—The trial judge must not in his charge, or during the trial, directly or indirectly, assume the guilt of the accused, nor use any language from which the jury can legitimately infer what the views of the judge are upon the issues of fact submitted to them.

ID.—RELATIVE MERITS OF CIRCUMSTANTIAL AND DIRECT EVIDENCE—INSTRUCTION AS TO MATTER OF FACT.—The law declares nothing as to the relative merits of direct and circumstantial evidence. The court cannot argue their relative merit to the jury; and an instruction declaring no settled rule of law, but charging the jury as to matter of fact, is violative of section 19 of article VI of the constitution.

ID.—STATEMENT NOT OF INFERENCE DRAWN BY JURY.—To tell the jury that circumstantial evidence is not likely to be fabricated, and that it has a great advantage over direct evidence, cannot be accepted as a statement of an inference that the jury would be sure to draw.

ID.—STATEMENT OF ABSENCE OF DIRECT EVIDENCE.—Where the jury were informed by the instruction itself that there was no direct evidence of any eye-witness of the homicide, it cannot be assumed that the case for the prosecution was based upon direct evidence, and that the instruction was not prejudicial to the appellant.

APPEAL from a judgment of the Superior Court of San Diego County, and from an order denying a new trial. W. R. Guy, Judge.

The facts are stated in the opinion of the court.

David G. Taylor, for Appellant.

U. S. Webb, Attorney General, and George Beebe, Deputy Attorney General, for Respondent.

TAGGART, J.—Appellant was informed against for the crime of murder, and upon a plea of "not guilty" was found guilty of murder in the second degree and sentenced to imprisonment in the state's prison for a term of eighteen years. He appealed in open court from the judgment of conviction and from an order denying his motion for a new trial.

The record on appeal consists of copies of the information, the minutes of the court, the motion for a new trial, the instructions given to the jury, and the instructions requested

by the defendant which were refused by the court; but no
evidence is brought up, and no application was made to the
trial court to have the reporter's notes transcribed. The
errors of the trial court which are presented in support of
the appeal are the giving of two instructions by the court,
on its own motion, relating to "self-defense" and "circum-
stantial evidence," and designated respectively as instruc-
tions "E" and "K," and its refusal to give an instruction
No. 20, relating to "the character of the deceased," at the
request of the defendant.

It is apparent at once that in the absence of any evidence
we cannot say that it was prejudicial error to refuse to give
the latter instruction, as the propriety of giving or not
giving an instruction is to be determined by the evidence in
the case, except where it would be erroneous in every con-
ceivable state of facts. (*People* v. *Mendenhall*, 135 Cal. 347,
[67 Pac. 325] ; *People* v. *Wong Fook Sam*, 146 Cal. 115, [79
Pac. 848].) For the purpose of supporting the ruling of
the court we must presume that no evidence was introduced
relating to the character of the deceased.

Instruction "E" does not declare any rule of law except
that which may be deduced from the last clause, to wit, "that
the defendant could not justify the killing of the deceased
under the plea of self-defense, if he himself was the aggressor
and had precipitated the conflict." The first element in
the instruction, based upon the theory that "defendant had
invited the deceased into the room or place where the killing
occurred," was entirely immaterial. That "he had threat-
ened to kill the deceased or do him some bodily harm" be-
came material only as connected with the facts and circum-
stances of the killing. Whether or not the defendant was
called upon in good faith to decline any further struggle, as
contended by appellant, must be determined from the evi-
dence, and there is no evidence before us.

Instruction "K" is a long argumentative presentation of
the reliable character of circumstantial evidence when con-
sidered in comparison with direct evidence. It goes beyond
the instructions considered in *People* v. *O'Brien*, 130 Cal.
1, 8, [62 Pac. 297] , *People* v. *Wilder*, 134 Cal. 182, [66 Pac.
228], and *People* v. *Simmons*, 7 Cal. App. 559, [95 Pac. 48],
cited by the attorney general, and contains practically all

the objectionable comments made by the trial judge in the instruction disapproved in *People* v. *Vereseneckockockhoff,* 129 Cal. 497, [58 Pac. 156, 62 Pac. 111]. Appellant contends that the instruction is not only erroneous for the reasons stated in the case last cited, but because of the statement therein that "no witness has been produced here who saw the act of *murder* committed, and hence it is urged for the prisoner that the evidence is only circumstantial," whereas in fact the defendant was himself sworn and testified to the circumstances of the killing, and because the court used the word "murder" instead of "killing," and thereby assumed as a matter of fact that a murder had been committed. The minutes disclose that the defendant was sworn as a witness in his own behalf, but, in the absence of a transcript of the evidence, there is nothing from which it can be ascertained whether or not he testified as to the facts of the killing, and the instruction itself says that there was no eyewitness thereto.

In *People* v. *Besold,* 154 Cal. 363, [97 Pac. 871], it was held that it could not be argued that the trial court, by the use of the words, "in determining the *intention of the defendant* at the time of the transaction," in an instruction given in a case in which the killing was denied by the accused, had assumed, as a fact, that the defendant had in fact done the killing; furthermore, if this language alone was open to such a construction, that, taken with the rest of the charge of the court in that case, it could not be said the trial judge thereby conveyed any intimation to the jury that he believed the defendant had done such killing. We do not agree with the attorney general that this case in any way modifies the rule that the trial judge must not in his charge, or during the trial, directly or indirectly assume the guilt of the accused, nor use any language from which the jury can legitimately infer what the views of the judge are upon the issues of fact submitted to them. (*People* v. *Williams,* 17 Cal. 142; *People* v. *Messersmith,* 61 Cal. 246; *People* v. *Matthai,* 135 Cal. 442, [67 Pac. 694].) In the case before us, owing to the absence of the evidence, we cannot say that the use of the word "murder" prejudiced the defendant, since his defense may have been an alibi, and it may have been admitted that a "murder" was committed.

Instruction "K," however, as hereinabove stated, contains all the objectionable features of the instruction considered in *People* v. *Vereneseneckockockhoff*, 129 Cal. 497, [58 Pac. 156, 62 Pac. 111]. It contains the following argumentative language criticised in that case: "Circumstantial evidence has this great advantage, that various circumstances from various sources are not likely to be fabricated. . . . Thanks to a beneficent Providence, the laws of nature and the relation of things to each other are so linked and combined together that a medium of proof is often furnished leading to inferences and conclusions as strong as those arising from direct testimony." The entire instruction of more than four pages, of thirty or more lines each of typewritten matter, when taken together, is an argument in support of the strength of a case which relies upon circumstantial evidence to sustain a conviction. The law declares nothing as to the relative probative force of direct and circumstantial evidence, and the court cannot argue to the jury the relative importance of evidence except as that is settled by some rule of law. For it to do so is to violate the plain inhibition of section 19 of article VI of the constitution that, "Judges shall not charge juries with respect to matters of fact, but may state the testimony and declare the law." The rule adopted by the supreme court in dealing with instructions based upon various subdivisions of section 2061 of the Code of Civil Procedure of which it is said that even though unconstitutional they "could not possibly have done any harm, for it was merely telling the jury to do certain things which jurors would do without being told" (*People* v. *Newcomer,* 118 Cal. 263, [50 Pac. 405] ; *People* v. *Wardrip,* 141 Cal. 232, [74 Pac. 744] ; *People* v. *Ruiz,* 144 Cal. 253, [77 Pac. 907] ; *People* v. *Grill,* 151 Cal. 597, [91 Pac. 515]), has no application to this instruction. To tell a jury that circumstantial evidence is not likely to be fabricated, and thus has a great advantage over direct evidence, can hardly be accepted as the statement of an inference that the jury would be sure to draw.

This instruction was improper in any conceivable state of facts not negatived by the instruction itself. By it the jury were informed that there was no direct evidence of the

transaction, and it cannot therefore be assumed that the case for the prosecution was based upon direct evidence, and that the instruction was favorable rather than prejudicial to the defendant.

Judgment reversed and cause remanded for a new trial.

Allen, P. J., and Shaw, J., concurred.