[Civ. No. 1430.   Second Appellate District.—December 20, 1913.]

## THOMAS LAWYER, Respondent, v. LOS ANGELES PACIFIC COMPANY (a Corporation), Appellant.

ELECTRIC RAILWAY—PERSON WALKING BETWEEN TRACKS—COLLISION WITH CAR ON WRONG TRACK—CONTRIBUTORY NEGLIGENCE.—Where a person who is walking in a public street follows a pathway, used by pedestrians, between the tracks of an interurban electric railway, and, on the approach of a car from the rear, steps upon the south track under the mistaken belief that the car is, according to custom, running on the north track, and is struck by the car, which is running at a high and unusual rate of speed, without blowing the whistle or sounding the bell, he cannot, as a matter of law, be held negligent.

ID.—ACTION FOR INJURIES—PREPONDERANCE OF EVIDENCE—INSTRUCTION TO JURY.—An instruction to the jury in an action for the injuries sustained by such pedestrian that "the affirmative of the issue must be proved, and when the evidence is contradictory the decision must be made according to the preponderance of evidence. The weight of evidence, or preponderance of probability, is sufficient to establish a fact in a civil case, and this is a civil case," is not erroneous in stating that the preponderance of probability is sufficient to establish a fact in a civil case.

ID.—EVIDENCE—POWER TO PRODUCE MORE SATISFACTORY PROOFS—ERRONEOUS INSTRUCTION — HARMLESS ERROR.— In such action an instruction to the jury that "the evidence is to be estimated not only by its own intrinsic weight, but also according to the evidence which it is within the power of one side to produce and of the other to contradict, and therefore if weaker and less satisfactory evidence is offered, when it appears that stronger and more satisfactory was within the power of the party, the evidence offered should be viewed with distrust," though erroneous, when there is no showing that the party against whom it is directed has failed to produce his strongest evidence, does not affect his substantial rights.

ID.—SOUNDING OF BELL OR WHISTLE—QUESTIONS TO WITNESS REGARDING.—Where a witness in such an action, who was on the car, testifies that she heard no sound of bell or whistle as the car approached the place of collision, it is proper to ask her if there was anything to prevent her from hearing such sound if it had been made.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order refusing a new trial. Gavin W. Craig, Judge.

The facts are stated in the opinion of the court.

J. W. McKinley, R. C. Gortner, Frank Karr, Gurney E. Newlin, and W. R. Millar, for Appellant.

Flint, Gray & Barker, for Respondent.

SHAW, J.—Action to recover damages for personal injuries alleged to have been sustained as a result of defendant's negligence.

Judgment for plaintiff was entered in accordance with the verdict of a jury. Defendant appeals from the judgment, and from an order denying its motion for a new trial.

Defendant concedes that it was negligent, but as a defense alleges that plaintiff was guilty of contributory negligence, without which the collision wherein he received the injuries would not have occurred. The court instructed the jury to the effect that, if plaintiff was guilty of negligence which, together with defendant's negligence, contributed directly or proximately to his injuries, then, notwithstanding defendant's negligence, he could not recover. Appellant insists that the jury in rendering a verdict for plaintiff disregarded this instruction, for the reason that the evidence by an overwhelming preponderance thereof shows that his injuries were the result of his own negligence.

The evidence tends to prove the following facts: At the time in question defendant owned and operated an interurban line of double-track, electric railway, extending westerly along Santa Monica Avenue from the city of Los Angeles to points west of Los Angeles. The north track was generally used by defendant in operating its cars westerly and the east-bound cars operated on the south track. On February 17, 1909, plaintiff was a passenger on one of defendant's cars running on the north track from a point east of Vermont Avenue, where, at about 7:30 P. M., he got off the car with the intention of walking thence along Santa Monica Avenue to his home, eight blocks farther west. As far as it extended, which was four blocks, he used the sidewalk on the south side of said avenue, and used the roadway south of defendant's tracks for a distance of one hundred and fifty feet and then followed a path used by pedestrians, which path crossed defend-

ant's south track and meandered between the double tracks, on either side of which space separating these tracks poles were set alternately for the purpose of supporting the trolley wire. It was quite muddy, to avoid which plaintiff, who had many times traveled thereon, followed this path which was used generally by pedestrians traveling along this part of the avenue. The car from which plaintiff got off at Vermont Avenue proceeded on its way westerly to a point several blocks west of the place where it collided with plaintiff, when, owing to the fact that the north track upon which it was running was obstructed, it was ordered back to a point east of Vermont Avenue, known as Melrose Junction, at which there is a cross-over, by means whereof it was switched to the south or east-bound track, over which it in the usual manner proceeded west again. When plaintiff left the sidewalk some four blocks west of Vermont Avenue, he looked back and saw a light there, but could not tell whether or not it was the headlight of a car. After plaintiff had crossed to the path between the tracks and walked about thirty feet he saw in front of him the reflection of a dim light projected from the rear and oscillating on the north track and ground, and about the same time heard a rumbling noise. After first seeing this reflected light he walked some ten feet, being near the north rail of the south track, when upon turning around he saw the car on the south track at a distance from him of some ten feet. He jumped toward the north track to escape this car, but was struck and suffered the injuries for which he claims damages.

Plaintiff had often traveled back and forth from his home along this path and roadway, and knew that it was defendant's custom to operate its west-bound cars on the north track. When picked up after the collision he said: "I didn't think the car was on the south track, as it was the one I used in walking home every night." The car after being switched to the south track was behind its schedule, and thence until it struck plaintiff was operated at a high and unusual rate of speed, without blowing the whistle or sounding the bell, other than on crossing Vermont Avenue some four blocks away. It is conceded that, notwithstanding its custom, defendant had the right to operate the car on the south track.

23 Cal. App.—35

This evidence is substantially the same as that offered by plaintiff upon a former trial of the case, wherein defendant's motion for a nonsuit was granted and which on appeal from the judgment was by the supreme court reversed. (*Lawyer* v. *Los Angeles Pacific Co.*, 161 Cal. 53, [118 Pac. 237].) Measured by the rule there stated, and upon the authority of that opinion and the cases therein cited, it is clear that the evidence presents a case where, interpreting it most favorably to defendant, reasonable minds might draw different conclusions upon the question as to whether or not the acts of plaintiff under all of the circumstances constituted negligence. It cannot, therefore, be said as a matter of law that plaintiff was negligent. Waiving what was said by the supreme court in the opinion referred to, the evidence, in our judgment, falls far short of establishing want of due care on the part of plaintiff.

The court instructed the jury that "the affirmative of the issue must be proved and when the evidence is contradictory the decision must be made according to the preponderance of evidence. The weight of evidence, or preponderance of probability, is sufficient to establish a fact in a civil case, and this is a civil case." Appellant insists that the court erred in stating that the preponderance of probability is sufficient to establish a fact in a civil case. In support of this contention, its counsel cite several criminal cases wherein the giving of similar instructions has been disapproved. What is said in those cases is not in point, for the reason that the rule with reference to the effect of evidence in a criminal case is very different from that which is applicable to a civil case. In the former guilt must be established beyond a reasonable doubt, whereas in the latter the decision must be made according to the preponderance of evidence. (Code Civ. Proc., sec. 2061, subd. 5.) While the court might very well have omitted the second sentence contained in said instruction, nevertheless, the use of the term "preponderance of probability," as synonymous with the weight of evidence, has received the sanction of the supreme court of this state. (*Murphy* v. *Waterhouse*, 113 Cal. 467, [54 Am. St. Rep. 365, 45 Pac. 866]; *Hutson* v. *Southern Cal R. Co.*, 150 Cal. 705, [89 Pac. 1093].) We are therefore constrained to hold that the giving of said instruction was not error.

Complaint is next made that the court erred in instructing the jury that "the evidence is to be estimated not only by its own intrinsic weight, but also according to the evidence which it is within the power of one side to produce and of the other to contradict and, therefore, if weaker and less satisfactory evidence is offered, when it appears that stronger and more satisfactory was within the power of the party, the evidence offered should be viewed with distrust." The record discloses no occasion for the giving of this instruction. It was not shown that the evidence offered by defendant was weaker or less satisfactory than other evidence which it might have produced; nor did it appear that it was within its power to produce stronger and more satisfactory evidence. The fact, as claimed by respondent, that defendant knew the names and addresses of persons who were at the time passengers on the car and who were not called as witnesses, did not tend to prove that had they been called their testimony would have been other than cumulative, or that it would have been more satisfactory in support of defendant's contention, than was the evidence of witnesses produced on its behalf. Presumably, defendant offered the strongest evidence within its power to produce. Plaintiff's real complaint is that had these persons been called their testimony *might* have been less favorable to defendant than was the evidence of those who testified. Conceding this to be true, we know of no law requiring a litigant to call a hostile witness for the benefit of his opponent. What was said by Presiding Justice Gray in the case of *Wood* v. *Los Angeles Traction Co.,* 1 Cal. App. 474, [82 Pac. 547], is particularly applicable to the facts of this case. There a physician in the employ of defendant, who had attended the plaintiff, was called as a witness for the former, but defendant did not call two other physicians who attended plaintiff. In holding that the court did not err in refusing to instruct the jury as provided by subdivisions 6 and 7 of section 2061 of the Code of Civil Procedure, the learned justice said: "This is not a case of the suppression of any evidence, . . . Nor is it a case of the offering of weaker and less satisfactory evidence when it appeared that stronger evidence was within the power of the party."

Since, however, the jury were instructed to view with distrust the evidence offered only in case it appeared to be within

the power of the party offering it to produce stronger and more satisfactory evidence than that offered, and there was no evidence tending to show such fact, it is apparent that defendant's substantial rights were not affected by the error in giving the instruction. In other words, there was no evidence tending to prove the existence of the conditions under which the jury were told to distrust the testimony. (*Brown* v. *Sharp-Hauser Contracting Co.,* 159 Cal. 89, [112 Pac. 874]. See, also: *People* v. *Moran,* 144 Cal. 48, 63, [77 Pac. 777]; *People* v. *Wardrip,* 141 Cal. 229, [74 Pac. 744].) We therefore hold, that notwithstanding the court erred in giving the instruction, such error was without prejudice to defendant's rights.

One of the issues presented by the pleadings was whether or not any warning by blowing the whistle or ringing the bell was given as the car approached the place where the collision occurred. A witness called on behalf of plaintiff, and who was sitting on the front seat next the motorman, was asked: "Now, as you approached Mr. Lawyer did the bell or whistle sound on the car?" to which defendant's objection that it called for a conclusion was overruled, and she answered: "It did not." Thereupon she was asked: "Was there anything to prevent your hearing the sound of that bell or whistle, if there had been one made, sitting where you were?" to which like objection was made and by the court overruled. This last ruling only is assigned as error. The answer called for by the first question was one of the issues submitted by the pleadings to the jury, and the purpose of the question was to elicit evidence from which the jury could determine the ultimate fact in issue. If the witness occupying the position on the car as stated, heard no sound of bell or whistle, such fact, in the absence of some reason, such as deafness, would be evidence that no warning was given. Assuming the first question, to which no objection is here urged, the equivalent of whether she *heard* the sound of bell or whistle, the second question, since she did not hear it, was proper as showing whether, had there been such sound, there was anything to prevent her from hearing it. However this may be, the alleged error was immaterial in that in no event could the ruling have affected the verdict of the jury. What is said

under this head is equally applicable to similar rulings as to questions propounded to other witnesses.

The judgment and order denying defendant's motion for a new trial are affirmed.

Conrey, P. J., and James, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal was denied by the supreme court on February 18, 1914.