PEOPLE OF PORTO RICO, Plaintiff and Appellee, *v.* RAMÓN PACHECO-RODRÍGUEZ, Defendant and Appellant.

No. 3284.   Argued November 9, 1927.—Decided November 23, 1927.

*Leopoldo Tormes* for the appellant.   *José E. Figueras* for the appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

Appellant was convicted of an assault with intent to commit robbery and says that the information contains no suf-

ficient description of the property in question, which is referred to merely as "the money which was carried by and belonged to" the prosecuting witness,—and that the pleading is duplicitous because it charges not only an assault with intent to commit robbery, but also an assault and battery.

The brief for appellant cites the Organic Act and the Code of Criminal Procedure; *People* v. *Lima,* 23 P.R.R. 707; section 222 of our Penal Code; section 220 of the Penal Code of California; *People* v. *Jones,* 53 Cal. 58; *People* v. *Crowley,* 100 Cal. 478; *People* v. *Hicks,* 66 Cal., 103; *People* v. *Aummerman,* 118 Cal. 25–27; *People* v. *Piris,* 32 P.R.R. 864; *People* v. *Castro,* 32 P.R.R. 869, and *People* v. *Ball,* 14 Cal. 101.

The *fiscal,* after discussing and distinguishing the cases cited by appellant, quotes from the opinion of the Indiana court in *Hamilton* v. *The State,* 10 Am. Rep. 22, where, as stated in the syllabus, "the indictment charged the prisoner with assault with intent to take from G. H. J. a $5 bill," and it was *"held,* that a conviction might be had notwithstanding it appeared that G. H. J. did not have a $5 bill in his possession at the time of the assault."

In this connection *People* v. *Woody,* 48 Cal. 80, is also mentioned as holding that—

"When it appears on the trial that a defendant charged with an assault with intent to commit robbery, presented to a traveler on the highway a cocked pistol, and said, 'stop, or I will shoot you,' it is the province of the jury to determine from the acts of the defendant, and from all the surrounding circumstances, whether the defendant intended to commit robbery, or was actuated by some other purpose."

And finally we are told that in *State* v. *Beal,* 41 Am. Rep. 490, the Supreme Court of Ohio decided that "one who breaks and enters a building with intent to steal money from a safe is guilty of burglary, although there is no money in the safe," and our attention is invited to the notes appended to that case.

A more recent case which is also somewhat more in point is *People* v. *Holden,* 13 Cal. App. 354. But it is now rarely necessary to arrive at conclusions with reference to elementary questions of pleading and practice by a parity of reasoning or by *a fortiori* inferences from more or less analogous situations and from the rule or precedent established with reference thereto. And where we are not disposed to doubt the soundness of decisions already made in other jurisdictions we need not grope in the dark for similar or other more satisfactory reasons for applying the same principle or rule when the point so previously passed upon is presented to us for determination. Nor is it a difficult task today to ascertain the present status of the law with reference to questions which frequently arise in practice but about which there is little room even for lawyers to disagree.

Thus, in the case at bar it seems reasonably clear that—

"Where one crime is an essential element of another and more serious offense, the indictment is not duplicitous because it charges both of the crimes; on the contrary it has been held that it would be fatally defective if it did not do so." 14 R.C.L. 195, par. 40.

See also 23 R.C.L. 1151, par. 17.

"And in an indictment for an assault with intent to rob, it is not necessary to describe the property which the defendant intended to take." Idem. 1163, par. 31.

Following the lead of the text last above quoted, in the corresponding volume of the supplement to the same work we are referred to a note appended to the case of *State* v. *Lewis,* Ann. Cas. 1918 A, 403, where at page 412 we find that—

"The same particularity is not required in charging an assault with the intent to commit a robbery as is required in charging the completed crime."

And in the same note at page 414, it is said that—

"The rule is generally laid down by the courts that it is not necessary, in an indictment for an assault with the intent to com-

mit robbery, to describe the particular property which the accused intended to take from the person on whom the assault was made."

We have examined a sufficient number of the cases cited in support of the rule laid down by the editors to satisfy us as to the soundness of that rule.

The judgment appealed from must be affirmed.